UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS S. WASHAM, | : | |
| Petitioner, | : | CIVIL ACTION NO. 1:11-0540 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| JAMES L. WALSH, PA STATE ATTORNEY GENERAL, and LINDA KELLY, | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION[1]

On March 22, 2011, the petitioner, Thomas Washam, who is presently confined at the State Correctional Institution at Dallas in Dallas, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1). On that same day, the petitioner also filed a motion to proceed *in forma pauperis*. (Doc. No. 2). Upon reviewing that motion, the court will grant the petitioner's motion to proceed *in forma pauperis*.

As such, the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 cases, as made applicable to Section 2241 cases by Rule 1 thereof. *See* 28 U.S.C. foll.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

§2254. Rule 4 requires the court to examine the petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. 2254 R. 4. For the following reasons, the court will recommend that the petition be **DISMISSED** without prejudice.

I.   **BACKGROUND**

On October 23, 1987, in the Delaware County Court of Common Pleas, the petitioner was convicted of first degree murder, possession of an instrument of a crime, and possession of a firearm without a license. The petitioner raises various challenges to that conviction in his present habeas petition. More specifically, the gravamen of his petition is that several *Batson* violations occurred during jury selection, and that the trial judge failed to properly certify the record.

Moreover, in the present petition, the petitioner indicates that he has previously filed a §2254 habeas petition. Specifically, petitioner states that he filed a habeas petition in the Eastern District of Pennsylvania in 1995, 1995-cv-5697. A search of the Public Access to Court Electronic Records ("PACER") confirms that, in 1995, the petitioner filed a habeas petition, that the petition was addressed on the merits, and that the petition was ultimately

dismissed.[2] In addition, the PACER search indicated that the petitioner subsequently appealed to the United States Court of Appeals for the Third Circuit, requesting an issuance of a Certificate of Probable Cause for Appeal from the denial of that habeas petition. *See Washam v. Delaware County Court of Common Pleas,* No. 96-1109 (3d Cir. 1996). On November 7, 1996, the Third Circuit denied petitioner's request for a Certificate of Probable Cause, finding that petitioner's claims were non-cognizable, procedurally defaulted, or failed to make a substantial showing of the denial of a federal right. *Id.*

## II. ANALYSIS

Pursuant to 28 U.S.C. §2244(b)(3)(A), prior to filing a second or successive petition, a petitioner must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty

---

[2] In addition, through the court's own research, the court has discovered that the petitioner has filed additional habeas petitions besides the single petition referenced his present habeas petition. Specifically, the petitioner filed a habeas petition in the Eastern District of Pennsylvania in 2000, 2000-cv-6388, and, again, in 2006, 2006-cv-4217. Thus, it appears that petitioner has previously filed at least three habeas petitions.

days whether there is a prima facie showing that the application satisfies §2244's substantive requirements, which are set forth in §2244(b)(2). *See* U.S.C. §2244(b)(3). Moreover, section 2244's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *Burton v. Stewart*, 549 U.S. 147 (2007).

A search of the Third Circuit's dockets on PACER indicates that the petitioner has failed to seek permission to file a successive habeas petition. Because the petitioner has failed to "move in the appropriate court of appeals for an order authorizing" a successive petition, his petition for habeas relief before this court is premature. 28 U.S.C. §2254. The plain words of the statute require the petitioner to file his motion before the Third Circuit as a precondition to his "fil[ing] [his petition for habeas relief] in the district court." *Id.*; *see also* Rule 9-Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order [not merely move] from the appropriate court of appeals authorizing the district court to consider the petition ...."); *cf.* Rule 9-Rules Governing Section 2255 Proceedings (same). As such, the court finds that the instant petition is a unauthorized habeas petition, and, therefore, the court recommends that the instant petition be dismissed. Moreover, the court recommends that the

petition be dismissed without prejudice, so the petitioner may seek authorization from the Third Circuit to file a successive petition. *See Johnson v. Rozum*, No. 10-2533, 2011 U.S. Dist. LEXIS 281, at *5 (M.D. Pa. Jan. 4, 2011) (Kane, C.J.).

### III.  RECOMMENDATION[3]

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1) Petitioner be **GRANTED** leave to proceed *in forma pauperis*, (Doc. No. 2), for the sole purpose of filing the petition;

(2) The petition, (Doc. No. 1), be **DISMISSED** without prejudice for lack of jurisdiction; and

(3) The Clerk of Court be directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** May 18, 2011
O:\shared\REPORTS\2011 Reports\11-0540-01.wpd

---

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.